NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| MOHAMMAD ZAMAN and PATRICIA O'CONNOR, | ) ) ) ) | Hon. Garrett E. Brown, Jr. |
| Petitioners, | ) ) | Civil Action No. 09-120 (GEB) |
| v. | ) ) ) | **MEMORANDUM OPINION** |
| CHARLOTTE COLLINS, Warden, Elizabeth Detention Facility, et al., | ) ) ) ) |  |
| Respondents. | ) ) |  |

**BROWN**, Chief Judge:

This matter[1] comes before the Court upon the renewed motion to dismiss (Doc. No. 18) filed by Respondents the Warden of the Elizabeth Detention Facility, the Newark Field Office Director for the United States Immigration and Customs Enforcement (USICE) Office of Detention and Removal, the Newark District Director for United States Citizenship and Immigration Services (USCIS), the Attorney General, and the Secretary of Homeland Security (collectively "the Government"). The Government seeks the dismissal of the Petition for habeas and mandamus relief filed by Petitioners Mohammad Zaman and Patricia O'Connor (collectively "Petitioners") pursuant to Federal Rule of Civil Procedure 12(b)(1) and (b)(6) for lack of subject matter jurisdiction and failure to state a claim. The Court has reviewed the parties' submissions and decided the matter without oral argument pursuant to Federal Rule of Civil Procedure 78. For the reasons that follow, the Court will grant the Government's motion and

---

[1] This matter was reassigned to the undersigned by Order of March 15, 2010.

dismiss the Petition.

I.  BACKGROUND

Petitioners seek a writ of habeas corpus to secure Zaman's release from the Elizabeth Detention Facility and a writ of mandamus to compel adjudication of Petitioners' pending immigration applications and petitions. (Pet. at ¶¶ 13–16.) Zaman, a Pakistani national, is married to O'Connor, a native citizen of the United States. (Pet. ¶ 4.) According to the Government, Zaman entered the United States in August of 1999 as a B-1 visitor, and the Government charged Zaman with overstaying his visa in February 2003. (Cardinale Decl. ¶ 2.) The Government instituted removal proceedings, and Zaman filed applications for asylum, withholding of removal, and protection under the Convention Against Torture. (*See* Gov't Br. at 2.) The Government denied Zaman's requests, and an order to remove Zaman to Pakistan was issued by the Immigration Judge in August 2005. (Cardinale Decl. ¶ 3.) The removal order became final in January 2007, when the Board of Immigration Appeals (BIA) dismissed Zaman's appeal. (Cardinale Decl. ¶ 5; Gov't Br. at 2.)

Zaman and O'Connor married in October 2007, more than two years after the issuance of the removal order. (Gov't Br. at 3.) Petitioners subsequently pursued an alien relative visa by filing with USCIS a Form I-130, Petition for Alien Relative, which was approved January 6, 2010. (Cardinale Decl. ¶ 6.) Petitioners also claim to have filed a Form I-212, Application for Permission to Reapply for Admission Into the United States after Deportation or Removal, and a Form I-485, Application to Register Permanent Residence or Adjust Status, in pursuit of lawful permanent residence for Petitioner Zaman. (Pet. ¶ 3; Pet'rs' Resp. Br. at 4–5.) It appears that the Form I-485 was filed on or about February 23, 2009. (Cardinale Decl. ¶ 11.) Although USCIS

reported that it had not received a Form I-212 from Zaman as of October 12, 2010 (*see* Cardinale Decl. ¶ 13), the Government acknowledged in their reply brief that "Zaman just recently filed his I-212 waiver request with USCIS shortly after [the Government] filed their renewed motion to dismiss in this matter," (Gov't Br. at 2). At some point subsequent to the filing of the Petition, it appears that Zaman has been released from the custody of the Elizabeth Detention Facility. (*See* Gov't Br. at 2 n.1.)

Petitioners contend the Government has "failed and refused to adjudicate . . . or allow Petitioner [Zaman] the opportunity to pursue procedures available to him for the adjudication of [the I-212 and I-485] applications . . . ." (Pet. ¶ 15.) The Government asserts that 8 U.S.C. §§ 1252(a)(2)(B)(ii) and 1255(a) precludes this Court from exercising jurisdiction to hear the Petition. The Government further argues that the Immigration Judge has the exclusive authority to adjudicate an application for an adjustment of status under 8 C.F.R. § 1245.2(a)(1)(i), and that the Immigration Judge may not exercise that authority until Petitioner Zaman's immigration proceedings are reopened. However, because Petitioners did not make a timely motion to reopen the removal proceedings and USCIS declines to consent to Petitioners' motion to reopen, the Government contends that reopening is time-barred by 8 C.F.R. § 1003.2(c)(3).

## II.    ANALYSIS

Mandamus is an "extraordinary remedy" that "will issue only to compel the performance of 'a clear nondiscretionary duty.'" *Pittston Coal Group v. Sebben*, 488 U.S. 105, 121 (1988) (quoting *Heckler v. Ringer*, 466 U.S. 602, 616 (1984)). In order to be eligible for mandamus relief, the petitioner must demonstrate: "(1) that [he has] no other 'adequate means to attain the [desired] relief,' and (2) that [he has met the] burden of showing that [his] right to the writ is

'clear and indisputable.'" *Hahnemann Univ. Hosp. v. Edgar*, 74 F.3d 456, 461 (3d Cir. 1996) (citations omitted); *see also Glenmede Trust Co. v. Thompson*, 56 F.3d 476, 482 (3d Cir. 1995).

The Government contends that this Court has no jurisdiction to consider the mandamus Petition because 8 U.S.C. § 1255(a) confers ultimate discretion to make adjustments of status on the Attorney General,[2] and § 1252(a)(2)(B)(ii) states that "[n]otwithstanding any other provision of law ... including [the mandamus statutes, 28 U.S.C. § 1361 and § 1651] no court shall have jurisdiction to review . . . (ii) any other decision or action of the Attorney General . . . the authority for which is specified [by law] . . . to be in the discretion of the Attorney General . . . ." The Court agrees. Courts in this District have uniformly construed the plain language of § 1252(a)(2)(B)(ii) to divest federal courts of jurisdiction to hear mandamus actions seeking to compel the adjudication of an alien's adjustment of status under Form I-485. *See, e.g.*, *Da Silva v. Gonzales*, Civ. No. No. 07-2278, 2008 WL 820163, at *2–3 (D.N.J. Mar. 26, 2008); *Conigliaro v. Chertoff*, Civ. No. 07-1543, 2008 WL 108953, at *2–3 (D.N.J. Jan. 9, 2008); *Serrano v. Quarantillo*, Civ. No. 06-5221, 2007 WL 1101434, at *2–3 (D.N.J. Apr. 9, 2007). This Court finds these decisions persuasive, in light of § 1252(a)(2)(B)'s express statement that the jurisdiction-stripping provision would apply *notwithstanding* the mandamus statutes, and in light of the broad discretion vested in the Attorney General with regard to adjustments of status.

---

[2]Section 1255 provides in pertinent part:

> The status of an alien who was inspected and admitted or paroled into the United States or the status of any other alien having an approved petition for classification as a VAWA self-petitioner may be adjusted by the Attorney General, in his discretion and under such regulations as he may prescribe . . . .

8 U.S.C. § 1255(a).

Furthermore, even if this Court had jurisdiction, Petitioners have not shown that the law imposes a non-discretionary duty on the Government to adjudicate their Forms I-485 and I-212, the latter of which it appears that the Government only received during the briefing of the instant motion. Petitioners do not dispute that the Immigration Judge has the "exclusive" authority to adjudicate Zaman's application for an adjustment of status under 8 C.F.R. § 1245.2(a)(1)(i). The Immigration Judge issued a removal order in August 2005, and this order became final when the BIA dismissed Zaman's appeal in January 2007. Pursuant to 8 C.F.R. § 1003.2(c)(2), Petitioners could have moved before the BIA to reopen Zaman's removal proceedings within 90 days of the final order of removal, or thereafter with the consent of USCIS, *see* 8 C.F.R. § 1003.2(c)(3)(iii). It appears that Zaman did not timely file a motion to reopen, and USCIS subsequently denied consenting to a joint motion to reopen. The USCIS's decision not to join an untimely motion to reopen is a discretionary decision that is beyond this Court's review. *See Hadi v. Attorney General of the U.S.*, 209 F. App'x 136, 139 (3d Cir. 2006) (recognizing that the Government had discretion to join an untimely motion to reopen pursuant to 8 C.F.R. § 1003.2(c)(3)(iii), and that its refusal to join the motion did not violate due process).

Petitioners attempt to bypass the reopening regulations and establish a non-discretionary duty by invoking 8 C.F.R. § 212.2(e), a regulation requiring aliens seeking an adjustment of status "to reapply for entry in conjunction with [their] application for adjustment of status."[3]

---

[3]This provision provides in pertinent part:

> (e) Applicant for adjustment of status. An applicant for adjustment of status under section 245 of the Act and part 245 of this chapter must request permission to reapply for entry in conjunction with his or her application for adjustment of status. This request is made by filing Form I-212, Application for Permission to Reapply. If the application under section 245 of the Act has been initiated, renewed, or is pending in a

5

Petitioners specifically point to that provision's requirement that "If the application under section 245 of the Act has been initiated, renewed, or is pending in a proceeding before an immigration judge, the district director must refer the Form I-212 to the immigration judge for adjudication." 8 C.F.R. § 212.2(e). However, as the Government correctly points out, the procedure set forth in § 212.2(j) applies to Zaman—not § 212.2(e)—because he has not been removed or departed from the United States. Whereas the rest of § 212.2 applies to aliens seeking "[c]onsent to reapply for admission *after* deportation, removal or departure . . .," *see id.* (emphasis added), as the section's title suggests, the last subsection, subsection (j), provides an "advance approval" mechanism for aliens "whose departure will execute an order of deportation," *id.* § 212.2(j). Pursuant to subsection (j), advance approval of the I-212 is conditioned on the alien's "satisfactory departure." The Government contends that it is ready and willing to adjudicate Zaman's Form I-212 in accordance with § 212.2(j)'s advance approval process, which is contingent on Zaman's successful departure. (Gov't Reply Br. at 3.) Under these circumstances, the Court finds that Petitioners have not demonstrated that the Government had failed to perform a non-discretionary duty. Consequently, the Court will grant the Government's motion and dismiss the Petition.[4]

---

> proceeding before an immigration judge, the district director must refer the Form I-212 to the immigration judge for adjudication.

8 C.F.R. § 212.2(e).

[4] With regard to the portion of the Petition seeking habeas relief, the Government notes that Zaman is no longer in detention at the Elizabeth Detention Facility. (*See* Gov't Br. at 2 n.1.) In response, Petitioners offer no argument supporting their request for habeas relief. It appearing that no controversy remains with regard to Zaman's detention, the Court will dismiss this portion of the Petition as moot.

### III. CONCLUSION

For the reasons stated herein, the Court will grant the Government's motion (Doc. No. 18) and dismiss the Petition. An appropriate form of order accompanies this Memorandum Opinion.

Dated: April 20, 2011

                                                   S/ Garrett E. Brown, Jr.
                                                   Garrett E. Brown, Jr., Chief Judge
                                                   United States District Court